IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOSEPH HENSLEY,           )
                          )
         Plaintiff,       )
                          )
    vs.                   )        Case No. 3:25-cv-87
                          )
ADAM B. BLOOM, *et al.*,  )
                          )
         Defendants.      )

## MEMORANDUM ORDER

This *pro* se civil rights action was commenced on March 19, 2025 by Plaintiff Joseph Hensley ("Hensley"), an inmate at SCI-Houtzdale and frequent litigator. In his complaint, Hensley asserts claims under 42 U.S.C. §1983 against Psychiatrist Adam B. Bloom and Unit Manager Alicia Swanson. He alleges that Defendant Bloom discontinued his psychiatric medications on several occasions, including most recently on February 4, 2025, when Hensley was placed in a "psych cell." ECF No. 1 at 2. Hensley alleges that he "is being transferred because Bloom refuses to deal with [his] mental health[,] stating[,] "I will never help you." *Id.* According to the complaint, "Bloom is trying to save the state money." *Id.* Hensley also alleges that Defendant Swanson was involved in placing him in the "psych cell" as well as the "'secure trash' closet," which gave other inmates the opportunity to steal Plaintiff's property. *Id.* The case has been referred to United States Magistrate Judge Keith A. Pesto for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. §636(b)(1), and the Local Rules for Magistrate Judges.

In an Order dated April 15, 2025, Judge Pesto denied Hensley's motion for leave to proceed *in forma pauperis*. ECF No. 9. That same day, Judge Pesto issued a report and

1

recommendation ("R&R") wherein he recounted Hensley's previous lawsuits and determined that Hensley is a "three-strikes" litigant for purposes of the Prison Litigation Reform Act, 28 U.S.C. §1915(g).[1] Hensley's "three-strikes" are predicated on the following case outcomes: *Hensley v. Trempus ("Trempus")*, 2:18-cv355-SPB-RAL (W.D. Pa. June 7, 2019) (dismissed after screening as frivolous); *Hensley v. McCaulley ("McCaulley")*, 3:21-cv-184-SPB-RAL (W.D. Pa. February 22, 2023 and March 28, 2023) (dismissed for failure to state a claim after leave given to file an amended complaint); and *Hensley v. Swanson ("Swanson")*, 3:24-cv-124-SPB-KAP (W.D. Pa. January 3, 2025) (dismissed after screening for failure to state a claim). Judge Pesto also concluded that Hensley's complaint does not allege imminent danger of serious physical injury having a nexus to the claims in his complaint. *See Ball v. Hummel,* 577 F. App'x 96, 96 n.1 (3d Cir. 2014). Accordingly, Judge Pesto recommended that this Court dismiss the complaint unless Hensley forthwith pays the requisite filing fee.

In his objections to the R&R, filed on May 6, 2025, Hensley disputes the Magistrate Judge's "three-strikes" calculation. *See* ECF No. 11. He asserts that the dismissal of his case in *Swanson* should not count against him as a "strike" because he never received notice of the Court's order of dismissal and, therefore, "was never able to appeal or fix the deficiency's" [sic] in his pleading. *Id.* He accuses unspecified prison staff of "messing with [his] legal mail" and states that he was in an "outside hospital" during "the end of December" 2024 and the "beginning of January" 2025. *Id.*

---

[1] Section 1915(g) states that

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. §1915(g).

2

Hensley's objection to Judge Pesto's "three strikes" calculation is unpersuasive. The docket in *Swanson* shows that the Magistrate Judge issued his Report and Recommendation of dismissal on October 30, 2024, and the Court adopted the R&R on January 3, 2025. *See Hensley v. Swanson*, Case No. 3:24-cv-124 (W.D. Pa.) at ECF Nos. 8, 11. At no point prior to January 3, 2025 did Hensley file objections to the R&R or seek additional time for doing so. Nor does Hensley indicate how or in what respect he would have amended his defective pleading in *Swanson*. And even if Hensley was admitted to inpatient treatment during early January 2025 as he claims, there is no indication that he attempted to appeal the Court's January 3, 2025 order during the ensuing 30-day appeal period when he was no longer hospitalized or sought an extension of the appeal period. Accordingly, the Court finds no basis for inferring that Hensley could have and would have successfully amended his defective claims in *Swanson*. To the extent Hensley claims that he was deprived of notice because some unidentified prison staff member(s) intercepted the Court's ruling, the undersigned notes that this bald assertion relies entirely on conjecture and also proves too much. If accepted at face value, this type of unsubstantiated allegation would allow any *pro se* inmate to successfully circumvent the PLRA's "three-strike" rule simply by asserting that he or she never received a prior adverse ruling.

Hensley also argues that he falls within the exception for "three-strikes" litigants, which applies when "the prisoner is under imminent danger of serious physical injury." 28 U.S.C. §1915(g). A prisoner may invoke this exception "only to seek relief from a danger which is 'imminent' at the time the complaint is filed." *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001). "'Imminent' dangers are those dangers which are about to occur at any moment or are impending." *Id.* at 315. Practices that "may prove detrimental...over time" do not represent imminent dangers as the harm is not "about to occur at any moment." *Ball v. Famiglio*, 726 F.3d

448, 468 (3d Cir. 2013), *abrogated in part on other grounds by Coleman v. Tollefson*, ___ U.S. ___, 135 S. Ct. 1759 (2015) (internal quotation marks and citation omitted). Vague or conclusory allegations are insufficient to meet this standard. *See Ball*, 726 F.3d at 468.

In his objections, Hensley claims to be in imminent danger of self-harm, as he has an "extensive history of suicide attempts." ECF No. 11. He appears to relate this danger to Swanson's alleged involvement in placing him in the "psych cell" on February 4, 2025 and Bloom's alleged discontinuance of psychiatric medication that same day. These allegations, however, do not indicate that Hensley was in imminent danger of self-harm when the complaint was lodged on March 19, 2025. Indeed, at that time, Plaintiff claimed that he was "being transferred because Bloom refuse[d] to deal with his mental health . . . ." ECF No. 1. And, while Plaintiff is suggesting a close nexus between the discontinuation of his psychiatric medication and a danger of self-harm, his complaint indicates that he previously attempted suicide on December 27, 2024, approximately two and a half years after Defendant Bloom discontinued his medication on May 31, 2022. Further, as Judge Pesto observed, the nature of the relief requested in the complaint does not reflect a subjective belief by Hensley that he was in imminent danger of self-harm at that time. *See id.* at 4 (requesting an award of compensatory and punitive damages, revocation of the Defendants' professional licenses, and "[i]mmediate release from prison on parole"). For these reasons, Hensley's objections to the R&R are not well-taken. However, the Court will give Plaintiff a reasonable period of time for paying the requisite filing fee in this case.

Accordingly, upon *de novo* review of the complaint and documents in the case, including the Magistrate Judge's Report and Recommendation and Plaintiff's objections thereto, the following Order is entered:

NOW, this 30th day of May, 2025,

IT IS ORDERED that, in the event Plaintiff wishes to proceed with this litigation, he will pay the $405.00 filing fee in full **on or before July 2, 2025**. Plaintiff's failure to do so will result in the dismissal of this action, without prejudice, for failure to prosecute.

IT IS FURTHER ORDERED that the Report and Recommendation of U.S. Magistrate Judge Keith A. Pesto, dated April 15, 2025, ECF No. [10], as modified herein, is adopted as the opinion of this Court. Plaintiff's objections to the Report and Recommendation are OVERRULED.

                                                          _Susan Paradise Baxter_
                                                          SUSAN PARADISE BAXTER
                                                          United States District Judge